FILED
NOV 1 2 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,
Plaintiff,

v. Case No. 5:25-cr-00108

LARRY DEAN DUSENBERY,
Defendant.

**DEFENDANT'S MOTION FOR APPOINTMENT OF SUBSTITUTE COUNSEL**

Now comes Defendant, Larry Dean Dusenbery, pro se, and respectfully moves this Court for the appointment of substitute counsel to assist him at sentencing. In support of this motion, Defendant states as follows:

## I. INTRODUCTION

1. The Defendant respectfully requests that the Court appoint substitute counsel because the attorney presently appointed to represent him at sentencing has failed to communicate with him, meet with him, or meaningfully participate in preparing for sentencing.
2. The Defendant wants to make one thing clear at the outset: he is not asking the Court to appoint an attorney because he is unfamiliar with his case or unable to represent himself. To the contrary, the Defendant has personally handled the litigation of this case and has developed an extensive understanding of the facts, evidence, procedural history, and legal issues.
3. The Court previously asked the Defendant whether he wanted an attorney to assist him at sentencing. The Defendant accepted that assistance in good faith. He did so because he believed appointed counsel would work with him, review the record, understand the issues, and provide meaningful assistance during the sentencing process.
4. Unfortunately, that has not happened.
5. The Defendant is not willing to have an attorney remain appointed in name only, make no meaningful effort to communicate or prepare, and receive compensation for representation that is not actually being provided.
6. The Defendant respectfully asks the Court to appoint counsel who is willing to work with him. If meaningful representation cannot be provided, the Defendant is prepared to proceed without appointed counsel, subject to whatever inquiry the Court determines is required.

## II. COUNSEL HAS FAILED TO COMMUNICATE OR MEET WITH THE DEFENDANT

7. Since counsel was appointed, the Defendant has made numerous attempts to communicate with him through text messages, emails, and telephone calls.
8. Despite these repeated efforts, counsel never initiated a telephone call to the Defendant and never arranged a meeting to discuss the sentencing proceedings or the substantial issues requiring attention.
9. Eventually, counsel responded to one of the Defendant's emails and instructed him to appear at counsel's office the following morning at 11:00 a.m.
10. Because the Defendant lives a considerable distance from counsel's office, he explained that he could not arrange transportation on such short notice. He requested that the meeting be scheduled for the following week.
11. Counsel has not responded to that request.
12. Thus, despite the Defendant's repeated efforts to obtain a meeting, counsel has still not sat down with him to discuss the case or prepare for sentencing.
13. The Defendant does not believe that this is an adequate attorney-client relationship, particularly where sentencing involves substantial factual, legal, and medical issues that require careful preparation.

## III. THE DEFENDANT KNOWS THIS CASE AND HAS PERSONALLY HANDLED ITS LITIGATION

14. The Defendant has personally participated in and handled the litigation of this case. He knows the evidence presented at trial, the testimony of the witnesses, the Government's theories, the objections made by the defense, and the legal issues that remain pending.
15. The Defendant has researched and prepared legal arguments concerning the Government's failure to prove knowledge, the admissibility and use of prior-conviction evidence, the Government's interpretation of the trial evidence, and other issues relevant to his post-trial proceedings and appeal.
16. The Defendant also has substantial medical circumstances that must be addressed at sentencing. Those circumstances include end-stage renal disease, peritoneal dialysis, and the availability of a kidney donor. The Defendant has been working to prepare the medical and legal information necessary to explain why his particular medical needs must be carefully considered before a sentence of imprisonment is imposed.
17. These are not minor matters that can be addressed adequately without preparation or consultation with the Defendant.
18. The Defendant has the knowledge and information necessary to assist counsel. What he needs, if counsel is to remain appointed, is an attorney who will communicate with him, review the issues, and actually participate in preparing the sentencing presentation.
19. The Defendant is not asking appointed counsel to take control of a case that the Defendant does not understand. He is asking for meaningful legal assistance from someone willing to work with him and make a genuine contribution.

## IV. THE SIXTH CIRCUIT RECOGNIZES THE IMPORTANCE OF MEANINGFUL COMMUNICATION BETWEEN COUNSEL AND CLIENT

20. Under 18 U.S.C. § 3006A(c), a court may substitute appointed counsel when appropriate.
21. The Sixth Circuit considers several factors when evaluating a request for substitute counsel, including the timeliness of the request, the adequacy of the Court's inquiry into the defendant's concerns, the extent of the communication breakdown between attorney and client, and the public interest in the prompt and efficient administration of justice.
22. United States v. Mooneyham, 473 F.3d 280, 291 (6th Cir. 2007); United States v. Saldivar-Trujillo, 380 F.3d 274, 277 (6th Cir. 2004).
23. The Defendant is not making this request because of a minor disagreement or dissatisfaction with a particular legal strategy. His concern is that counsel has not meaningfully communicated with him or taken the basic steps necessary to prepare for sentencing.
24. The Defendant has repeatedly attempted to establish communication. He has sent messages, emails, and made telephone calls. He even attempted to accommodate counsel's proposed meeting, but when he explained that he needed additional time to arrange transportation, counsel simply stopped responding.
25. The Defendant believes these circumstances establish good cause for the appointment of substitute counsel.

## V. THE DEFENDANT IS NOT SEEKING DELAY

26. This motion is not intended to delay sentencing. The Defendant wants to move forward, but he wants to do so with meaningful representation if counsel is going to remain appointed.
27. The Defendant has already devoted substantial time and effort to understanding and preparing his case. He does not want that work disregarded or lost because an appointed attorney has failed to communicate with him.
28. The Defendant is prepared to work with a replacement attorney immediately. He will provide the attorney with the information, research, and materials necessary to prepare for sentencing.
29. However, if the Court determines that substitute counsel will not be appointed, the Defendant asks that the Court consider permitting him to proceed without appointed counsel, after any inquiry required by law. He would rather present his own case than have an attorney who does not communicate with him stand beside him without meaningful participation.

## VI. REQUEST FOR RELIEF

WHEREFORE, Defendant Larry Dean Dusenbery respectfully requests that this Court:

1. Grant this motion;
2. Relieve presently appointed sentencing counsel from further representation;
3. Appoint substitute counsel who will promptly communicate with the Defendant, meet with him, review the record, and meaningfully assist in preparing for sentencing;

4. Allow sufficient time for substitute counsel to review the Defendant's medical circumstances, sentencing issues, and supporting materials; and
5. Alternatively, if substitute counsel is not appointed, permit the Defendant to proceed without appointed counsel after the Court conducts any inquiry required by law.

Respectfully submitted,

**Larry Dean Dusenbery, Defendant pro se**
340 E. Summit Street, Apt. D
Kent, Ohio 44240

Date: Nov 12, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2026, a true and correct copy of the foregoing Defendant's Motion for Appointment of Substitute Counsel was served upon:

Margaret Sweeny
Assistant United States Attorney
United States Attorney's Office
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113

and upon presently appointed defense counsel, by placing a copy in the United States mail, postage prepaid, addressed to the above recipients.

**Larry Dean Dusenbery**